CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SOFIA MERCEDES, on behalf of herself and others : Case No. 16-CV-6039
similarly situated, :
 :
                         Plaintiff,    : **FLSA COLLECTIVE**
 : **ACTION COMPLAINT**
     -against-    :
 :
CHABAD LUBAVITCH HOSPITALITY CENTER :
ESHEL HACHNOSAS ORCHIM INC. d/b/a ESHEL : **Jury Trial**
AVROHOM & SARA HOTEL, MENACHEM : **Demanded**
(a/k/a "MENDY") HENDEL, GILAD BAZEL, :
and GLORIA ARMIRA, :
 :
                         Defendants.    :
-----------------------------------------------------------------X

Plaintiff, SOFIA MERCEDES (hereinafter, "Plaintiff"), on behalf of herself and other similarly situated employees, by and through her undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants CHABAD LUBAVITCH HOSPITALITY CENTER ESHEL HACHNOSAS ORCHIM INC. d/b/a ESHEL AVROHOM & SARA HOTEL ("CHABAD LUBAVITCH"), MENACHEM (a/k/a "MENDY") HENDEL, GILAD BAZEL, and GLORIA ARMIRA (the "Individual Defendants") (Chabad Lubavitch and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), she is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each she worked in excess of ten (10) hours, (d) liquidated damages, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Kings County, New York.

6. Defendant, CHABAD LUBAVITCH, is a domestic not-for-profit corporation organized under the laws of the State of New York, with a principal place of business at 747 Eastern Parkway, Brooklyn, New York 11213.

7. Defendant, CHABAD LUBAVITCH, owns and operates a hospitality center and hotel, known as Eshel Avroham & Sara, located at 272 Kingston Avenue, Brooklyn, New York 11213 (the "Hotel").

8. Defendant, MENACHEM (a/k/a "MENDY") HENDEL, is the owner, officer, director, manager, supervisor and proprietor of CHABAD LUBAVITCH, and participated and continues to participate in the day-to-day operations of CHABAD LUBAVITCH, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with CHABAD LUBAVITCH.

9. Defendant, GILAD BAZEL, is the General Manager of the Hotel, and participated and continues to participate in the day-to-day operations of the Hotel, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with CHABAD LUBAVITCH.

10. Defendant, GLORIA ARMIRA, is the Maintenance Manager of the Hotel who participated and continues to participate in the day-to-day operations of the Hotel, and was one of Plaintiff's direct supervisors, who acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with CHABAD LUBAVITCH.

11. The Individual Defendants jointly exercised control over the terms and conditions of Plaintiff's employment in that they have the power and authority to: (i) hire and fire employees, (ii) determine rates and method of pay, (iii) determine work schedules and hours worked, (iv) supervise and control the work of employees, and (v) otherwise affect the quality of the employees' employment.

12. At all relevant times, CHABAD LUBAVITCH, was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had had an annual gross volume of sales of not less than $500,000.

13. At all relevant times, CHABAD LUBAVITCH, charges its guests a fee and maintenance costs in exchange for use of its property.

14. Defendants employed Plaintiff to work as a non-exempt housekeeper, laundry clerk, and maintenance worker at the Hotel.

15. The work performed by Plaintiff was directly essential to the business operated by Defendants.

16. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

17. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

18. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

19. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

### STATEMENT OF FACTS

20. The Individual Defendants are present at the Hotel every day and actively participate in the day-to-day operation of the Hotel. For instance, the Individual Defendants are not only considered the bosses, they personally work alongside the employees in the Hotel, supervise and direct the work of the employees, and instruct the employees on how to perform their jobs and correct them for any errors made.

21. In addition, the Individual Defendants create and implement all crucial business policies, including decisions as to the number of hours the employees are required to work, the pay that the employees are entitled to receive, and the manner in which the employees are paid.

22. Defendant, MENACHEM (a/k/a "MENDY") HENDEL, hires employees to work as managers and/or supervisors to participate in the day-to-day operation of the Hotel, and who are directed by Ms. Hendel to supervise the work of the employees.

23. Defendant, MENACHEM (a/k/a "MENDY") HENDEL, hired defendants GILAD BAZEL and GLORIA ARMIRA to work as General Manager and Maintenance Manager, respectively, at the Hotel, each of who were Plaintiff's direct supervisors throughout her employment.

24. On or about September 22, 2014, Defendants hired Plaintiff to work as a non-exempt housekeeper at the Hotel.

25. Defendants subsequently required Plaintiff to also work as a laundry clerk and general maintenance worker as part of her job duties and responsibilities.

26. Plaintiff worked continuously for Defendants in such capacities until on or about November 29, 2015.

27. Except during Defendants' "busy season" between December and February, Plaintiff worked six (6) days per week, and her work shift consisted of nine (9) hours per day from 9:00 a.m. until 6:00 p.m.

28. During Defendants' busy season, Plaintiff worked six (6) days per week, and her work shift consisted of four (4) nine (9) hour shifts from 9:00 a.m. until 6:00 p.m., and two (2) eleven (11) hour shifts from 7:00 a.m. until 6:00 p.m.

29. Except for the last two (2) months of her employment, Plaintiff received one (1) sixty (60) minute break per day.

30. During the last two (2) months of her employment, Plaintiff received one (1) thirty (30) minute break per day.

31. From the beginning of her employment and continuing through approximately November 2014, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $8 per hour straight time for all hours worked, and worked forty-eight (48) hours per week. Work performed in excess of forty (40) hours per week was not paid at the statutory rate of time and one-half in violation of federal and state law.

32. Beginning in or about December 2014 and continuing through the remainder of December 2014, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $8 per hour straight time for all hours

6

worked, and worked fifty-two (52) hours per week. Work performed in excess of forty (40) hours per week was not paid at the statutory rate of time and one-half in violation of federal and state law.

33. Beginning in or about January 2015 and continuing through in or about February 2015, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $8 per hour straight time for all hours worked, and worked fifty-two (52) hours per week. Work performed in excess of forty (40) hours per week was not paid at the statutory rate of time and one-half in violation of federal and state law.

34. Beginning in or about March 2015 and continuing through in or about April 2015, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $8 per hour straight time for all hours worked, and worked forty-eight (48) hours per week. Work performed in excess of forty (40) hours per week was not paid at the statutory rate of time and one-half in violation of federal and state law.

35. Beginning in or about May 2015 and continuing through the remainder of her employment on or about November 29, 2015, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $8.75 per hour straight time for all hours worked, and worked forty-eight (48) hours per week. Work performed in excess of forty (40) hours per week was not paid at the statutory rate of time and one-half in violation of federal and state law.

36. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees statutory minimum wages in violation of the FLSA and New York Labor Law.

37. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

38. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that their work shift exceeded ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

39. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings this action individually and as class representative on behalf of herself and all other current and former non-exempt employees who are or have been employed by Defendants since November 1, 2013 until the end of the opt-in period (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage or less than the statutory rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

41. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

42. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

43. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

44. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it

virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

45. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

    d. Whether Defendants failed to pay Plaintiff and the Collective Action Members minimum wages, in violation of the FLSA and the regulations promulgated thereunder;

    e. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    f. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

      g.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

46. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

47. Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

51. At all relevant times, CHABAD LUBAVITCH had gross revenues in excess of $500,000.

52. Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

53. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

54. Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

55. Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

56. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

57. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

58. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

59. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

60. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

61. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages.

62. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

63. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### [Violation of the New York Labor Law]

64. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "63" of this Complaint as if fully set forth herein.

65. At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

66. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

67. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the statutory rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

68. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day she worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations § 142.2-4.

69. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

70. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

71. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

72. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premiums, reasonable attorneys' fees, statutory damages, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, SOFIA MERCEDES, on behalf of herself and all similarly situated employees, including all Collective Action Members, respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(h) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
November 1, 2016

                          Respectfully submitted,

                          CILENTI & COOPER, PLLC
                          *Attorneys for Plaintiff*
                          708 Third Avenue – 6th Floor
                          New York, NY 10017
                          T. (212) 209-3933
                          F. (212) 209-7102

By: _____
        Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Sofia Mercedes__, am an employee currently or formerly employed by __Chabad Lubavitch Hospitality Center__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__10/12/16__, 2016

_Sofia F. Mercedes_