# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com

February 16, 2017

**BY ECF**

Hon. Carol B. Amon, U.S.D.J
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        **Re:** *Mercedes v. Chabad Lubavitch Hospitality Center*
              *Eshel Hachnosas Orchim Inc., et al.*
              *Case No. 16-CV-6039 (CBA) (LB)*

Dear Judge Amon,

    We are counsel to plaintiff Sofia Mercedes ("Plaintiff"), in the above-referenced matter, and jointly submit this letter with defense counsel for the Court's assessment and approval of the settlement agreement ("Agreement") reached by the parties. The Agreement is being submitted contemporaneously with this letter, and the parties respectfully request that the Court approve the Agreement because it represents a fair resolution of this matter, negotiated at arm's length between experienced counsel.

    **I.**    *The Need for the Court's Approval of the Agreement*

    As Plaintiff's action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). The FLSA expressly prohibits settlement of any right to unpaid minimum wages or overtime claims by employees made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. *See* 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to the FLSA's restriction on settlement to include judicially supervised stipulated settlements. *See also D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982); *see also Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 07 Civ. 153, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007).

Hon. Carol B. Amon, U.S.D.J.
February 16, 2017
Page 2

## II. *Plaintiff's Claims for Unpaid Wages*

Plaintiff filed her complaint on November 1, 2016, asserting causes of action for, *inter alia*, unpaid minimum wage and overtime compensation pursuant to the FLSA and New York Labor Law. Plaintiff was hired on or about September 22, 2014 to work as a housekeeper for the defendants' hotel. Plaintiff worked continuously in that capacity for the defendants until on or about November 29, 2015.

Plaintiff alleges that, except during the defendants' "busy season" between December and February, she worked six (6) days per week, and her work shift consisted of nine (9) hours per day from 9:00 a.m. until 6:00 p.m. Meanwhile, during the defendants' busy season, Plaintiff alleges that she worked six (6) days per week, and her work shift consisted of four (4) nine (9) hour shifts from 9:00 a.m. until 6:00 p.m., and two (2) eleven (11) hour shifts from 7:00 a.m. until 6:00 p.m. Except for the last two (2) months of her employment, Plaintiff acknowledges receiving a one (1) hour break each day. During the last two (2) months, Plaintiff claims that her break was reduced to thirty (30) minutes.

With respect to her pay, Plaintiff alleges that she was paid on an hourly basis straight time for all hours worked, and contended that she was paid as follows during the relevant periods:
> September 2014 – November 2014: $8/hr.; 48 hours/week
> December 2014 – February 2015: $8/hr.; 52 hours/week
> March 2015 – April 2015: $8/hr.; 48 hours/week
> May 2015 – November 2015: $8.75/hr.; 48 hours/week

As reflected in the attached Agreement, the parties have agreed to settle the case for a total of $8,000 to resolve all of Plaintiff's wage and hour claims against the defendants, payable within ten (10) days of Court approval.

Based on the allegations in the complaint, Plaintiff initially calculated that had she prevailed at trial on *all* of her, she could have recovered approximately $3,100 in unpaid wages, with an equal amount in liquidated damages. Defendants dispute these claims and counsel believes this settlement to be a fair resolution to this litigation, due to *bona fide* disputes about the value of Plaintiff's claims.

## III. *The Agreement is Fair and Reasonable*

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp.2d 332, 335 (S.D.N.Y. 2012). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07 Civ. 86, 2008 U.S. Dist. LEXIS 20786, at *2 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, supra*, 679 F.2d at 1354)); *see also In re Penthouse Executive Club Compensation Litig.*, No. 10 Civ. 1145, 2014 U.S.

Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

Here, it is undisputed that this settlement did not result because of "overreaching" by the employer. To the contrary, the settlement was reached as a result of extensive arm's length negotiations between experienced counsel. Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See Aponte v. Comprehensive Health Management, Inc.*, No. 10 Civ. 4825, 2013 U.S. Dist. LEXIS 47637 at *9 (S.D.N.Y. Apr. 13, 2013).

In light of various disputes concerning Plaintiff's claims, this settlement should be approved. First, Plaintiff's calculations are based on her own recollection about her work schedule and pay. Plaintiff has no records of her hours worked or compensation received. Meanwhile, the defendants maintain that Plaintiff's allegations as to her hours worked are exaggerated, and that Plaintiff rarely worked overtime.

Second, there is a dispute as to whether the defendants are entitled to take a "tip credit." According to the defendants, Plaintiff regularly received tips as part of her employment, which would have enabled the defendants to pay Plaintiff below the statutory minimum wage and overtime rates. To the contrary, Plaintiff contends that she never received any notice of the tip credit, which would render the tip credit inapplicable in the first instance.

Third, there is a dispute between the parties as to whether Plaintiff's break time was reduced during the final two (2) months of her employment, as alleged by Plaintiff.

Fourth, Plaintiff's calculations are based on the assumption that she never missed any days of work – no sick days, no vacation days, no holidays – in the time that she worked for the defendants. That assumption was made for settlement purposes, for calculating the maximum that Plaintiff *could* be entitled to. Even if they only were able to establish a few missed days, it would further reduce the amount Plaintiff is entitled to.

By settling now, Plaintiff receives all of her calculated underlying unpaid wages, as well as most of her liquidated damages, even after attorneys' fees are accounted for, while enabling the parties to avoid the time and risks inherent in any future briefings and/or trial. It is respectfully submitted that, in view of the foregoing, this settlement is a reasonable compromise of disputed issues and should therefore be approved.

### IV. *Application for Attorneys' Fees*

Pursuant to this firm's retainer agreement with Plaintiff, our firm will retain one-third the gross proceeds of the settlement ($2,666.40), which is below our firm's lodestar. Attorneys' fees in FLSA settlements are examined to ensure that the interests of plaintiff's counsel in his own compensation did not adversely affect the extent of the relief counsel procured for the clients. *See Wolinsky v. Scholastic*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). In this case, Plaintiff's counsel fee of one-third is reasonable. Of

course, had the case proceeded, assuming Plaintiff prevailed, Plaintiff's counsel would have made a fee application for much more than the amount currently sought in fees.

While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorneys' contingency fees in excess of 40%. *Id.* at 206. This Agreement contains no such red flags. Moreover, since the *Cheeks* decision, many courts have recognized the "percentage of the fund" method as an appropriate means by which to compensation plaintiff's attorneys in FLSA settlements. *See Velasquez v. Digital Page*, No. 11 Civ. 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (applying one-third of percentage of fund method in approving settlement); *see also Hiang v. Chiang*, No. 16 Civ. 1129, 2016 U.S. Dist. LEXIS 142670, at *7-8 (S.D.N.Y. Oct. 14, 2016) (awarding attorneys' fees of one-third of settlement amount in FLSA case); *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15 Civ. 6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorneys' fees in amount of one-third of gross settlement); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of the FLSA settlement amount); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) ("a fee that is one-third of the fund is typical" in FLSA cases).

For all of the reasons set forth above, the parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

Justin Cilenti

cc: Edward N. Gewirtz, Esq. (by email)