```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SOFIA MERCEDES, on behalf of herself and
others similarly situated,

                          Plaintiff,                    ORDER
          - against -                                   16 CV 6039 (LB)

CHABAD LUBAVITCH HOSPITALITY CENTER
ESHEL HACHNOSAS ORCHIM INC. d/b/a ESHEL
AVROHOM & SARA HOTEL, MENACHEM
(a/k/a "MENDY") HENDEL, GILAD BAZEL,
GLORIA ARMIRA,
                          Defendants.

------------------------------------------------------------------X
```

**BLOOM, United States Magistrate Judge:**

On November 1, 2016, plaintiff filed a complaint alleging that defendants violated the Fair Labor Standards Act ("FLSA"), and provisions of the New York Labor Law ("NYLL"), by failing to pay her minimum wage and overtime compensation. (ECF No. 1.) By letter dated January 17, 2017, the parties notified the Court that they had reached a settlement. (ECF No. 9.) The parties now move for Court approval of their settlement agreement.[1] (Motion for Settlement Approval, "Mot. Settl." ECF No. 10; Settlement Agreement, "Settle Agree." ECF No. 10-1). For the reasons set forth herein, the settlement agreement is approved as fair and reasonable.

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved, if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nt'l Merchant Servs., Inc., No. 14 CV 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). Here, the

---

[1] The parties consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c). (ECF No. 13.)

parties have agreed that defendants shall pay plaintiff a total settlement amount of $8,000, of which one third shall be considered payable to plaintiff's counsel as attorneys' fees, and which shall be paid within ten days of the Court's approval.  See Settle Agree. at 2.  This is a fair and reasonable settlement.  The agreement does not include a general release, nor does it contain a confidentiality clause or a non-disparagement clause.  See Settle Agree.; see also Mot. Settl. at 4.  Upon review of the circumstances of the case, the work required to resolve this matter, and the fact that attorneys' fees are limited to a 1/3 contingency,[2] the Court finds that plaintiff's request for attorneys' fees is reasonable.  See 29 U.S.C. § 216(b); see also Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).

Accordingly, the Court approves the settlement agreement.  The parties shall file a stipulation discontinuing the case by April 21, 2017.

SO ORDERED.

                                /S/
                          LOIS BLOOM
                          United States Magistrate Judge

Dated: April 12, 2017
      Brooklyn, New York

---

[2] Although plaintiff's counsel has not submitted contemporaneous time records for the Court's review, pursuant to its retainer agreement with plaintiff, the firm "will retain one-third the gross proceeds of the settlement ($2666.40), which is below [the] firm's lodestar."  Mot. Settl. at 3.  "[A] one-third contingency fee is a commonly accepted fee in this Circuit."  Calle v. Elite Specialty Coatings, Inc., No. 12-CV-6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 19, 2014); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit.").